## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

CHARLIE P. WALKER,

      Petitioner,

v.                                    Case No. 4:22-cv-4-AW-MJF

RICKY D. DIXON,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Charlie Walker, proceeding *pro se*, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Respondent ("the State") answered, providing relevant portions of the state court record. Doc. 9. Walker replied. Doc. 13. The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that Walker is not entitled to habeas relief.[1]

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

# I. BACKGROUND FACTS AND PROCEDURAL HISTORY[2]

On November 21, 2014, Walker robbed Larry Ware at gunpoint during a social gathering outside a mutual friend's home. In Leon County Circuit Court Case No. 2014-CF-3575, Walker was charged with Armed Robbery with a Firearm (Count 1) and being a Convicted Felon in Possession of a Firearm (Count 2). Doc. 9, Ex. A at 1.[3] The charges were bifurcated for purposes of trial. Ex. C. The jury found Walker guilty of each offense as charged, with special findings that Walker actually possessed a firearm—but did not discharge it—during the robbery. Ex. A at 41, 48.

The trial court adjudicated Walker guilty of the offenses and sentenced him to life imprisonment for the Armed Robbery with a Firearm, with a 10-year mandatory minimum term of imprisonment. Ex. B at 122-32 (Corrected J. & Sentence). The trial court sentenced Walker to 3 years of imprisonment with a 3-year mandatory minimum term for being a felon in possession of a firearm, to run concurrently with

---

[2] The facts are drawn from the evidence presented at trial, viewed in the light most favorable to the State. *See* Doc. 9, Ex. C (Trial Tr.); *see also Jackson v. Virginia*, 443 U.S. 307 (1979).

[3] Citations to the state-court record are to the electronically-filed exhibits attached to the State's answer. Doc. 9. The court cites the lettered exhibit followed by the page number of the original document. When a page of a document bears more than one page number, the court cites the number appearing at the bottom right corner of the page.

the sentence on Count 1. *Id*. On July 7, 2017, the Florida First District Court of Appeal ("First DCA") affirmed the judgment and sentence *per curiam* and without written opinion. *Walker v. State*, No. 1D16-808, 228 So. 3d 560 (Fla. 1st DCA 2017) (Table) (copy at Ex. G).

On January 17, 2018, Walker filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. Ex. H at 4-76. The state circuit court summarily denied relief on two claims (Grounds Three and Four) and set the remaining claims for an evidentiary hearing. *Id*. at 77-84, 107-08. On June 28, 2019, the circuit court conducted an evidentiary hearing during which Walker was assisted by counsel. Ex. H at 209-79 (Hr'g Tr.); *Id*. at 109-112 (Exs.). At the conclusion of the hearing, the circuit court denied relief on Walker's remaining claims. Ex. H at 115-99. The First DCA affirmed *per curiam* and without written opinion. *Walker v. State*, No. 1D19-2725, 322 So. 3d 50  (Fla. 1st DCA 2021) (Table) (copy at Ex. K). The mandate issued August 31, 2021. Ex. K.

Walker filed his *pro se* federal habeas petition on December 29, 2021. Doc. 1. The petition raises six grounds of ineffective assistance of trial counsel; one ground of cumulative trial counsel error; and one ground of trial court error. The State asserts that Walker is not entitled to habeas relief because he procedurally

defaulted some claims, and he fails to satisfy § 2254(d)'s demanding standard for the claims he did exhaust. Doc. 9.

## II.  RELEVANT LEGAL PRINCIPLES

### A.    Section 2254 Standard of Review

A federal court "shall not" grant a habeas corpus petition on any claim that was adjudicated on the merits in state court unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362 (2000).[4] Justice O'Connor described the appropriate test:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

---

[4] Unless otherwise noted, references to Supreme Court's *Williams* case are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367–75, 390–99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and—except as to the footnote—Scalia) in part II (529 U.S. at 40313).  The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

*Id.*, 529 U.S. at 412–13 (O'Connor, J., concurring).

Under the *Williams* framework, the federal court first must determine the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003). After identifying the governing legal principle, the federal court determines whether the state court's adjudication is contrary to the clearly established Supreme Court case law. The adjudication is "contrary" only if either the reasoning or the result contradicts the relevant Supreme Court cases. *See Early v. Packer*, 537 U.S. 3, 8 (2002) ("Avoiding th[e] pitfalls [of § 2254(d)(1)] does not require citation to our cases – indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them.").

If the "contrary to" clause is not satisfied, the federal court determines whether the state court "unreasonably applied" the governing legal principle set forth in the Supreme Court's cases. The federal court defers to the state court's reasoning unless the state court's application of the legal principle was "objectively unreasonable" in light of the record before the state court. *See Williams*, 529 U.S. at 409; *Holland v. Jackson*, 542 U.S. 649, 652 (2004). "[E]ven a strong case for relief does not mean

the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

Section 2254(d) also allows habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The "unreasonable determination of the facts" standard is implicated only to the extent the validity of the state court's ultimate conclusion is premised on unreasonable fact finding. *See Gill v. Mecusker*, 633 F.3d 1272, 1292 (11th Cir. 2011). As with the "unreasonable application" clause, the federal court applies an objective test. *See Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) (holding that a state court decision based on a factual determination "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding."). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams*, 529 U.S. at 410). AEDPA also requires federal courts to "presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and

convincing evidence.'" *Landrigan*, 550 U.S. at 473–74 (quoting 28 U.S.C. § 2254(e)(1)).

The Supreme Court has emphasized often that a state prisoner's burden under § 2254(d) is "difficult to meet, . . . because it was meant to be." *Richter*, 562 U.S. at 102. The Court elaborated:

> As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings. *Cf. Felker v. Turpin*, 518 U.S. 651, 664, 116 S. Ct. 2333, 135 L.Ed.2d 827 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244). It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no further. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *Jackson v. Virginia*, 443 U.S. 307, 332, n. 5, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, <u>a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement</u>.

*Richter*, 562 U.S. at 102–03 (emphasis added).

A federal court may conduct an independent review of the merits of a petitioner's claim only if it first finds that the petitioner satisfied § 2254(d). *See Panetti v. Quarterman*, 551 U.S. 930, 954 (2007). Even then, the writ will not issue

unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States."  28 U.S.C. § 2254(a).

## B.  Federal Law Governing Claims of Ineffective Assistance of Counsel

The Supreme Court follows a two-pronged test for evaluating claims of ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984). The petitioner must show (1) his counsel's performance was constitutionally deficient, and (2) the deficient performance prejudiced him. *See id.* at 687. "First, petitioner must show that 'counsel's representation fell below an objective standard of reasonableness.' Second, petitioner must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Darden v. Wainwright*, 477 U.S. 168, 184 (1986) (quoting *Strickland*, 466 U.S. at 694).

The inquiry under *Strickland*'s performance prong is "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. "Judicial scrutiny of counsel's performance must be highly deferential," and courts should make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." 466 U.S. at 689. Trial counsel is "strongly presumed to have rendered adequate assistance and made all significant

decisions in the exercise of reasonable professional judgment." *Id*. at 690. The burden to overcome that presumption and to show that counsel's performance was deficient "rests squarely on the defendant." *Burt v. Titlow*, 571 U.S. 12, 22–23 (2013); *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) ("To overcome that presumption, a defendant must show that counsel failed to act reasonably considering all the circumstances." (quotation marks and alterations omitted)); *see also Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) ("[B]ecause counsel's conduct is presumed reasonable, for a petitioner to show that the conduct was unreasonable, a petitioner must establish that no competent counsel would have taken the action that his counsel did take."). As a consequence of this burden, "when the evidence is unclear . . ., [courts] presume counsel performed reasonably and exercised reasonable professional judgment." *Blankenship v. Hall*, 542 F.3d 1253, 1274 (11th Cir. 2008) (citations omitted).

*Strickland*'s prejudice prong requires a defendant to establish a "reasonable probability" of a different trial outcome. *See Strickland*, 466 U.S. at 694. A reasonable probability is one that sufficiently undermines confidence in the outcome. *Id.* at 694. "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112.

When a district court considers a habeas petition, the state court's findings of historical facts in the course of evaluating an ineffectiveness claim are subject to the presumption of correctness, while the performance and prejudice components are mixed questions of law and fact. *See Strickland*, 466 U.S. at 698. "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Richter*, 562 U.S. at 105 (citations omitted). The Supreme Court explained:

> The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Id.* (citations omitted).

### III. DISCUSSION

**Ground One**         **"Ineffective Assistance of Trial Counsels [sic] Failing to Object" Doc. 1 at 4.**

Walker claims that his trial counsel, Daren Shippy, was ineffective for failing to object to crime scene photographs being introduced into evidence. Doc. 1 at 4. The photographs were of the concrete floor of the carport where the robbery took

Page 10 of 47

place. The investigating officer—Officer Bullock—took the photographs. Walker alleges that counsel should have sought to exclude the photographs because they were blurry, unreliable, highly prejudicial and unauthenticated. *Id*. at 4-5. Walker concedes that Shippy attempted to exclude—through a pre-trial motion in limine—Bullock's opinion testimony that the area he photographed looked as though it was impacted by a projectile. *Id*. That motion was denied, and Bullock testified about the photographs.

The State asserts that Walker is not entitled to habeas relief on this claim because the state court adjudicated it on the merits, and Walker fails to satisfy § 2254(d)'s demanding standard. Doc. 9 at 16-19.

### A.    *The State Court's Decision*

Walker presented this claim to the state courts as "Ground One" of his Rule 3.850 motion. Ex. H at 6-12. The state circuit court conducted an evidentiary hearing on this claim and denied relief. The circuit court identified the two-pronged *Strickland* standard as the controlling legal standard, Ex. H at 116, and denied relief for these reasons:

> **Ground One**: Mr. Walker claims his counsel was ineffective for failing to object to the entry of blurry photographs depicting indents in pavement. He argues they did not fairly and accurately depict the evidence, claiming in his motion and elaborated on at the evidentiary hearing that the pictures only showed two blurry indents and the officer who testified about them pointed out additional details without

sufficient support. Mr. Walker also claims the officer was referring to the wrong indent as the bullet hole during his testimony.

   **Analysis**: Whether a photograph is a fair and accurate depiction is not just about the photograph's quality or the photographer's technical proficiency with the camera. Photographs often reflect more or less detail than can be seen with the naked eye. Whether something is a 'fair and accurate' depiction turns on whether the evidence is indeed a reflection of what it is asserted to be. Simply because a person took a blurry photograph does not mean it cannot be a fair and accurate depiction.

   Further, Shippy, Mr. Walker's trial counsel, argued in closing that the photographs "show nothing," *Attachment A* at 166, and filed an unsuccessful motion in limine pre-trial to prevent admission of, and reference to, the photographs, *Attachment B*. If there was something wrong with this evidence, Shippy's performance was not to blame. Ground One is denied.

Ex. H at 116-17 (emphasis in original). The First DCA summarily affirmed without explanation. Ex. K.

## B.    *Walker Is Not Entitled to Habeas Relief*

   The First DCA's summary affirmance is an "adjudication on the merits" of Walker's claim and, therefore, is reviewed under § 2254(d)'s deferential standard. *See Richter*, 562 U.S. at 99 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary); *Id*. at 100 ("This Court now holds and

reconfirms that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'").

Where, as here, there has been one reasoned state judgment rejecting a federal claim followed by a later unexplained order upholding that judgment, federal courts employ the following "look through" presumption: "[T]he federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 584 U.S. ___, 138 S. Ct. 1188, 1192 (2018). Consistent with *Wilson*, this court presumes that the First DCA rejected Walker's claim for the reasons provided by the state circuit court.

The state court's decision was not "contrary to" clearly established Federal law, because the state court identified and applied the two-part *Strickland* standard. *See Williams*, 529 U.S. at 405-06 (interpreting § 2254(d)(1)). To obtain habeas relief, therefore, Walker must show that the state court's application of the *Strickland* standard was unreasonable.

The state court reasonably concluded that Walker failed to establish that Shippy's performance was deficient. The state court concluded—as a matter of state evidentiary law—that the blurriness of the photographs was not a basis to exclude them. When the Florida state courts "already ha[ve] told us how the issues would

have been resolved under Florida state law had [trial counsel] done what [Walker] argues he should have done," "federal habeas courts should not second-guess them on such matters." *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1354–55 (11th Cir. 2005) (internal quotation marks and citation omitted); *see also Pinkney v. Sec'y, Dep't of Corr.*, 876 F.3d 1290, 1295 (11th Cir. 2017) ("[A]lthough the issue of ineffective assistance—even when based on the failure of counsel to raise a state law claim—is one of constitutional dimension, we must defer to the state's construction of its own law when the validity of the claim that [trial] counsel failed to raise turns on state law." (internal quotation marks and citation omitted)).

Shippy confirmed during his evidentiary hearing testimony that the reason he declined to object to the photographs was because he "didn't consider the photographs themselves objectionable." Ex. H at 232. Shippy explained:

> Someone took something that's a fair and accur – accurate representation of what [was] depicted in the photograph, it is what it is. . . . The more material question is, is it what you say it is. And I think that's where my focus was. I didn't, and I still don't, based upon what I've heard, feel there was any basis for objection to the photos themselves.

Ex. H at 232. "It is not ineffective assistance of counsel to fail to make an objection that is not due to be sustained." *Meders v. Warden, Ga. Diagnostic Prison*, 911 F.3d 1335, 1354 (11th Cir. 2019)); *Pinkney*, 876 F.3d at 1297 ("[A]n attorney will not be held to have performed deficiently for failing to perform a futile act, one that would

not have gotten his client any relief."); *Bolender v. Singletary*, 16 F.3d 1547, 1473 (11th Cir. 1994) ("[I]t is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance.").

Moreover, Shippy *did* seek to exclude the more damaging evidence relating to the photographs—Officer Bullock's testimony that he took the photographs because he thought they showed marks and fragments in the concrete that were caused by, or consistent with, a gunshot. Ex. H at 149-50 (Mot. in Limine); Ex. C at 6-14, 65-68 (Mot. Hr'g).

When the motion in limine was denied, Shippy addressed the blurriness of the photographs during his cross-examination of Bullock. Ex. C at 90. Shippy also addressed the blurriness of the photographs in closing argument by urging the jury not to give the photographs—or Bullock's testimony about them—any weight because the photographs "show nothing." *Id*. at 166. Notably, the jury made a special finding that Walker *did not discharge* the firearm during the armed robbery.

For all of these reasons, the state court's rejection of Walker's claim was neither contrary to, nor an objectively unreasonable application of, clearly established federal law. Nor was the decision based on an unreasonable determination of the facts. Walker is not entitled to habeas relief on Ground One.

**Ground Two**        **"Ineffective Assistance of Counsel Failing to Call Witness"**
**Doc. 1 at 6.**

Walker alleges that Shippy was ineffective for failing to call Willie Moore to testify that (1) he was present the night of the alleged robbery; (2) no robbery occurred and (3) he did not see anyone with a gun. Doc. 1 at 6.

The State asserts, and Walker agrees, that this claim is procedurally defaulted because Walker abandoned it in his postconviction appeal. Doc. 1 at 6-7; Doc. 9 at 20-23. Walker explains: "My trial counsel presented evidence at my hearing that he and I agreed upon not calling Mr. Moore. So there was no need to raise this issue on appeal." Doc. 1 at 7.

### A.    *Federal Habeas Exhaustion Requirement and Procedural Default*

"To respect our system of dual sovereignty, the availability of habeas relief is narrowly circumscribed." *Shinn v. Ramirez*, 596 U.S. ___, 142 S. Ct. 1718, 1730 (2022) (citations omitted). One such constraint is the exhaustion requirement and corollary principle of procedural default. *See* 28 U.S.C. § 2254(b); *Shinn*, 142 S. Ct. at 1731–32.

Section 2254 "requires state prisoners to 'exhaust the remedies available in the courts of the State' before seeking federal habeas relief." *Shinn*, 142 S. Ct. at 1732 (quoting 28 U.S.C. § 2254(b)(1)(A)) (alteration adopted). "To satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of

his federal claim" to the state's highest court, either on direct appeal or on collateral review. *Picard v. Connor*, 404 U.S. 270, 277–78 (1971); *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In other words, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

### B.    *Florida's Established Postconviction Process*

Florida's established postconviction process requires a defendant seeking to vacate his conviction to (1) move for postconviction relief under Florida Rule of Criminal Procedure 3.850, and (2) appeal from the order denying postconviction relief. *See* Fla. R. Crim P. 3.850(a), (k); Fla. R. App. P 9.141(b)(3); *see also Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979); *Rodwell v. Singletary*, 114 F. Supp. 2d 1308, 1312 (M.D. Fla. 2000).

The Florida Rules of Appellate Procedure provide that, when a movant's Rule 3.850 motion is denied after an evidentiary hearing, a movant wishing to appeal the denial of his motion must file an initial brief. Fla. R. App. P. 9.141(b)(3). Where an appellant's brief contains no argument on a claim, the claim is insufficiently presented for appellate review and therefore waived. *See Duest v. Dugger*, 555 So. 2d 849, 851 (Fla. 1990) ("The purpose of an appellate brief is to present arguments

in support of the points on appeal. Merely making reference to arguments below without further elucidation does not suffice to preserve issues, and these claims are deemed to have been waived."); *Shere v. State*, 742 So. 2d 215, 217 n.6 (Fla. 1999) (holding that nineteen of prisoner's twenty-three claims raised in his Rule 3.850 motion were "insufficiently presented for [appellate] review" because he "did not present any argument or allege on what grounds the trial court erred in denying these claims."); *State v. Mitchell*, 719 So.2d 1245, 1247 (Fla. 1st DCA 1998) (finding that issues raised in appellate brief which contained no argument were abandoned).

### C.   *Walker Procedurally Defaulted Ground Two*

The record confirms that although Walker presented this ineffective-assistance claim to the state circuit court as Ground Two of his Rule 3.850 motion, Ex. H at 12-14, he did not challenge the denial of this claim in his postconviction appeal. Ex. I. Walker, therefore, waived the ineffective-assistance claim he now asserts as Ground Two of his habeas petition.

Walker's failure to exhaust this claim renders it procedurally defaulted on habeas review. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan*, 526 U.S. at 842; *see also Atwater v. Crosby*, 451 F.3d 799, 809–10 (11th Cir. 2006) (petitioner who received an evidentiary hearing on his Rule 3.850 motion procedurally defaulted one of his ineffective-assistance claims when he failed to argue the issue in his postconviction

appeal; "Pursuant to state procedural rules, abandonment of an issue results from submission of a brief without argument thereon in an appeal of an order denying relief after an evidentiary hearing." (citing *Shere*, 742 So. 2d at 217 n.6)).

Walker makes none of the required showings to excuse his procedural default. Walker's procedural default bars habeas review of Ground Two.

**Ground Three**    **"Ineffective Assistance Counsel Failure to Object" Doc. 1 at 8.**

Walker claims that Shippy was ineffective because he failed to object when the prosecutor improperly vouched for, and bolstered the credibility of, Officer Bullock and Larry Ware during opening and closing arguments. Doc. 1 at 8-9. The State asserts that Walker is not entitled to habeas relief because the state court adjudicated this claim on the merits, and Walker fails to satisfy § 2254(d)'s demanding standard. Doc. 9 at 23-25.

**A.    *The State Court's Decision***

Walker presented this claim to the state courts as "Ground Three" of his Rule 3.850 motion. Ex. H at 14-17. The state circuit court summarily denied relief. Ex. H at 77-84. The court explained:

> Ground Three is a claim of ineffective assistance of counsel for failing to object to the prosecutor's improper bolstering of witness testimony during opening and closing arguments. Defendant references 5 instances of bolstering relating to victim Ware and Officer Bullock.

The pages of the transcript where these comments appear are attached. Attachment A.

Improper bolstering occurs when the State places the prestige of the government behind the witness or indicates that information not presented to the jury supports the witness's testimony. *Hutchinson v. State*, 882 So.2d 943, 954 (Fla. 2004). The prosecutor did not improperly bolster witnesses in the referenced comments. Each of the comments relate to either the knowledge or the credibility of the witness, which are proper comments to make when presenting argument. The comment that Officer Bullock was a "five-year road law enforcement officer" is supported by the transcript and was therefore presented to the jury. Attachment B. Counsel for the Defendant cannot be ineffective for failing to object to something that is not objectionable.

Ex. H at 77-78. The First DCA summarily affirmed. Ex. K.

## B.    *Walker Is Not Entitled to Habeas Relief*

The First DCA's summary affirmance is an "adjudication on the merits" of Walker's claim and is reviewed under § 2254(d)'s deferential standard. *See Richter*, 562 U.S. at 99, 100. Consistent with *Wilson*, this court presumes that the First DCA rejected Walker's claim for the reasons provided by the state circuit court.

The state court reasonably concluded that Walker's ineffective-assistance claim failed because the prosecutor's comments were not improper. In Florida, "[w]ide latitude is permitted in arguing to a jury. Logical inferences may be drawn, and counsel is allowed to advance all legitimate arguments." *Breedlove v. State*, 413 So. 2d 1, 8 (Fla. 1982).

Florida's rule is essentially the same as the federal due process standard. A prosecutor may argue both facts in evidence and reasonable inferences from those facts. *See Tucker v. Kemp*, 762 F.2d 1496, 1506 (11th Cir. 1985) (citations omitted); *United States v. Johns*, 734 F.2d 657, 663 (11th Cir. 1984) (the prosecutor is not limited to a bare recitation of the facts; he may comment on the evidence and express the conclusions he contends the jury should draw from the evidence). "When the prosecutor voices a personal opinion but indicates this belief is based on evidence in the record," the comment is not improper. *United States v. Granville*, 716 F.2d 819, 822 (11th Cir. 1983).

A prosecutor improperly bolsters his own witness when "the government places its prestige behind the witness, or when the government suggests that information not presented to the jury supports the witness's credibility." *United States v. Reeves*, 742 F.3d 487, 502 (11th Cir. 2014); *Spann v. State*, 985 So. 2d 1059, 1067 (Fla. 2008) (same).

In each instance Walker identifies, a fairminded jurist could agree with the state court's conclusion that the prosecutor's statement neither improperly bolstered, nor vouched for, Bullock or Ware. The prosecutor pointed only to matters in evidence. Ex. C at 151-54. His statements were fair comments on the evidence and urged permissible, logical inferences from the evidence. Particularly with regard to

Page 21 of 47

Bullock's testimony, the prosecutor properly urged the jury to consider, in weighing Bullock's testimony, his skill and knowledge from his police training and job experience. *Id*. at 153. And in concluding his summation, the prosecutor reminded the jury that "the credibility determination is solely your province." *Id*. at 154.

Because the prosecutor's remarks were not improper, it was reasonable for the state court to conclude that Shippy was not ineffective for failing to object. *See Chandler v. Moore*, 240 F.3d 907, 914 (11th Cir. 2001) (concluding that the prosecutor properly commented on the evidence; that none of the prosecutor's contested statements were improper or erroneous; and that defense counsel could not be deemed ineffective for failing to object); *Stephens v. Sec'y, Florida Dep't of Corr.*, 678 F.3d 1219, 1227 (11th Cir. 2012) (rejecting ineffective assistance claim where prosecutor's comments were not improper).

The state court's rejection of Walker's claim was not contrary to and did not involve an unreasonable application of the *Strickland* standard. Walker is not entitled to habeas relief on Ground Three.

## **Ground Four**        **"Ineffective Assistance of Counsel" Doc. 1 at 10.**

This claim relates to the first of two written questions that the jury submitted to the trial court during deliberations. The trial court conferred with counsel before answering the questions:

THE COURT:  The first one is: Can we see the investigator reports. And those are not admitted into evidence so they can't see those.

And the second is lineup Exhibit No. 4. I thought we did admit that.

MR. SHIPPY:  She showed it to us, it went back.

THE CLERK:  It went back.

MR. SHIPPY:  The first exhibit is the composite one, two and three; right?

THE CLERK:  Correct.

MR. SHIPPY:  And then Exhibit 4 is the photo lineup.

THE CLERK:  It's two pages.

MR. SHIPPY:  Two pages. So they have it.

THE CLERK:  I stapled it together. It was done by paperclip, but I stapled it. So they have it.

THE COURT:  So my intent would be just to handwrite on this:  The investigator reports were not admitted into evidence so those cannot be forwarded to you, but you should have the lineup Exhibit 4. Do you mind if I just handwrite it on their note?

MR. SHIPPY:  I do not. I agree with that, Your Honor.

MR. WILSON [Prosecutor]:  No objection.

Ex. C at 183.

Walker asserts that in response to the jury's request to review "the investigator reports," Shippy should have asked the trial court to "advise jurors of the right to request read back testimony" of officers Daws and Bullock. Doc. 1 at 10.

The State responds that Walker is not entitled to habeas relief because the state court adjudicated this claim on the merits, and Walker fails to satisfy § 2254(d)'s demanding standard. Doc. 9 at 25-27.

A.    ***The State Court's Decision***

Walker presented this claim to the state courts as "Ground Four" of his Rule 3.850 motion. Ex. H at 17-21. The state circuit court summarily denied relief. Ex. H at 77-84. The court explained:

> **Ground Four**:  Mr. Walker claims that his trial counsel was ineffective for failing to request to have the jury advised of their right to have testimony read back to them. He claims his attorney should have done this when the jury asked for the investigator's report because they might have been concerned with inconsistencies in his in-court testimony.

> Analysis:  This was not an error because testimony can only be read back after a specific request from the jury. Fla. R. Crim. P. 3.140(a) [sic]. Further, this is the kind of speculative argument that is disallowed in Strickland claims. Bradley v. State, 33 So. 3d 664, 672 (Fla. 2010) ("A defendant must do more than speculate that an error affected the outcome."). Ground Four is denied.

Ex. H at 107-08.[5] The First DCA summarily affirmed. Ex. K.

## B.    *Walker Is Not Entitled to Habeas Relief*

The First DCA's summary affirmance is an "adjudication on the merits" of Walker's claim and is reviewed under § 2254(d)'s deferential standard. *See Richter*, 562 U.S. at 99, 100. Consistent with *Wilson*, this court presumes that the First DCA rejected Walker's claim for the reasons provided by the state circuit court.

The state court's decision was not "contrary to" clearly established Federal law, because the state court applied the two-part *Strickland* standard. *See Williams*, 529 U.S. at 405-06. Walker, therefore, must show that the state court's application of the *Strickland* standard was unreasonable.

Walker's argument that the state court unreasonably applied *Strickland* obviously depends upon this court determining that Shippy's failure to request a

_____

[5] The state court's citation to Fla. R. Crim. P. 3.140(a) was a transposition error. Florida Rule 3.140 relates to "Indictments; Informations." Florida's rule relating to "Jury Request to Review Evidence or for Additional Instructions" is Rule P. 3.410, which provides in relevant part:

> **(a)** If, after they have retired to consider their verdict, jurors request additional instructions or to have any testimony read or played back to them they may be conducted into the courtroom by the officer who has them in charge and the court may give them the additional instructions or may order the testimony read or played back to them. . . .

Fla. R. Crim. P. 3.410(a).

read-back of Daws's and Bullock's testimony was deficient, but first this court would have to conclude that the state court misinterpreted state law when it determined that a read-back could not have been offered given that the jury did not request it. This court will not second guess the state court's determination on this state-law issue. *Herring*, 397 F.3d at 1354–55; *Pinkney*, 876 F.3d at 1295.

Because the Florida courts have determined that offering to read back the officers' testimony was not an appropriate response to the jury's question, and because this court must defer to that determination of state law, Shippy cannot be ineffective for failing ask the court to offer a read-back. *See Pinkney*, 876 F.3d at 1297 ("[A]n attorney will not be held to have performed deficiently for failing to perform a futile act, one that would not have gotten his client any relief."). The jury specifically requested only the investigative reports, which they were not allowed to have because the reports were not admitted into evidence. *See* Fla. R. Crim. P. 3.400 (describing the materials that the jury may take to the jury room).

The state court's rejection of Walker's claim was not contrary to and did not involve an unreasonable application of the *Strickland* standard. Nor was the decision based on an unreasonable determination of the facts. Walker is not entitled to habeas relief on Ground Four.

**Ground Five**         **"Ineffective Assistance of Counsel Failure to Object" Doc. 1 at 12.**

Walker alleges that Shippy was ineffective for failing to object to additional "improper comments" by the prosecutor that "express[ed] prosecutor's personal opinion during closing and rebuttal arguments." Doc. 1 at 12-13. The State asserts that Walker is not entitled to habeas relief because the state court adjudicated this claim on the merits, and Walker fails to satisfy § 2254(d)'s demanding standard. Doc. 9 at 28-35.

### A.    *The State Court's Decision*

Walker presented this claim to the state courts as "Ground Five" of his Rule 3.850 motion. Ex. H at 21-24. The state circuit court conducted an evidentiary hearing on the claim and denied relief. The court identified the two-pronged *Strickland* standard as the controlling legal standard, Ex. H at 116, and rejected the claim as follows:

> **Ground Five**: Mr. Walker claims his counsel was ineffective for failing to object to prejudicial comments made by the prosecutor in closing argument. There were only two comments cited in the motion, but at the evidentiary hearing Mr. Walker's counsel referenced other potentially objectionable comments and questioned Shippy about them. The Court treats these additional claims as an amendment to the motion and addresses them all, finding they were adequately expounded on at the hearing.

> **Comment One**: "[Ricky Bennett's] answer wasn't, oh, no, no, let me set that straight. I know what happened, I was there. It was, I

didn't see nothing. I don't remember nothing. His answer was, I ain't a snitch. That was Mr. Ricky Bennett's answer. That's what he told law enforcement." *Attachment A* at 153. Mr. Walker argues this referred to matters outside of evidence and that the word "snitch" implies the conduct he did not want to talk about was criminal.

**Analysis**: Bennett confirmed on cross examination that he told police he did not know anything. *Attachment D* at 127-130. This means the comment was a reference to something in evidence. The Court also finds that the prosecutor's comment "I ain't a snitch," taken in context, was an argument rather than an attempt at a direct quote and that the word 'snitch' is not so derogatory as to make its use improper. This claim is denied.

**Comment Two**: "I do not want you to forget what Larry Ware came in here today to do is tell you about the night that Charlie Walker fired a gun at him that came inches from ending his life." *Attachment A* at 171. Mr. Walker argues this inflamed the minds of the jurors.

**Analysis**: This was an accurate review of the evidence presented. It is not unfairly prejudicial to discuss the facts of the case. *See Attachment E* at 49. This claim is denied.

**Comment Three**: "Your question will be whether you believe Mr. Ware or Mr. Bennett." *Id*. at 151. Mr. Walker argues this was an improper statement of the law.

**Analysis**: This comment was objectionable and Shippy acknowledged as much at the evidentiary hearing. But he specifically rebutted this improper argument in his closing in lieu of objecting. *Attachment A* at 169-170. Because this was a reasonable strategic decision, this claim is denied.

**Comment Four**: "There was no one in that group that was going to be a snitch." *Id*. at 154. Mr. Walker argues this referred to matters outside of evidence. Shippy testified that he did not think this was worthy of an objection given that the prosecutor had argued a page earlier about Bennett not wanting to be a snitch and that an objection

would have called attention to both comments. He also said that the comment was not important to his case.

 **Analysis**: In the context described by Shippy, he made a reasonable strategic decision not to object that the Court will not second-guess. This claim is denied.

 **Comment Five**: "It was only Mr. Ware who was willing to tell the truth about this." *Id*. Mr. Walker argues this was improper vouching or bolstering by the prosecutor.

 **Analysis**: Taken in context, the prosecutor was arguing about Ware's credibility and did not "[place] the prestige of the government behind the witness or [indicate] that information not presented to the jury support[ed]" Ware's testimony. *Jackson v. State*, 147 So. 3d 469, 486 (Fla. 2014). In fact the prosecutor followed up four lines later to clarify that his comments were related to credibility. *Attachment A* at 154. This claim is denied.

 **Comment Six**: "Mr. Ware came in and told you exactly what happened. He told you what happened as to each element of this crime. And in every single interview and questioning session he did, he said the exact same thing to each of those elements." *Id*. at 175. Mr. Walker argues this referred to matters outside of evidence. Shippy testified that Ware had inconsistency among his statements that was pointed out in cross-examination. *Attachment E*.

 **Analysis**: Ware was asked about his prior statements so this reference was not outside of evidence. Further, the prosecutor was not arguing Ware was completely consistent; he was arguing that Ware was consistent regarding the elements of robbery. For these reasons, this claim is denied, resolving Ground Five.

Ex. H at 118-20 (emphasis in original) (alterations in original). The First DCA summarily affirmed without explanation. Ex. K.

**B.**    *Walker Is Not Entitled to Habeas Relief*

The First DCA's summary affirmance is an "adjudication on the merits" of Walker's claim and is reviewed under § 2254(d)'s deferential standard. *See Richter*, 562 U.S. at 99, 100. Consistent with *Wilson*, this court presumes that the First DCA rejected Walker's claim for the reasons provided by the state circuit court.

In reviewing the state court's decision, this court defers to the state court's factual findings, including its findings that (1) Shippy's evidentiary hearing testimony was credible; and (2) Shippy's failure to object was grounded in trial strategy, specifically, Shippy's judgment that the particular comment was not improper, or that it was better not to draw attention to the comment by objecting. The state court's factual findings are amply supported by the record. 28 U.S.C. § 2254(d)(2). Walker has not rebutted them with clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e); *Consalvo v. Sec'y for Dep't of Corr.*, 664 F.3d 842, 845 (11th Cir. 2011).

Based on Shippy's testimony and in light of the trial transcript, fairminded jurists could agree with the state court's conclusion that Walker failed to demonstrate that Shippy's decisions not to object fell below an objective standard of reasonableness. As the state court reasonably concluded, Comments One, Two, Five and Six were fair comments on the evidence and urged permissible, logical

inferences from the evidence. *See Stephens*, 678 F.3d at 1227; *Chandler*, 240 F.3d at 914.

Concerning Comments Three and Four, the state court reasonably concluded that Walker failed to satisfy *Strickland*'s deficient-performance prong, because he failed to demonstrate that Shippy's strategic decision not to object was so deficient that he was not functioning as the counsel guaranteed by the Sixth Amendment. *See Strickland*, 466 U.S. at 687. Concerning "Comment Three," the trial transcript shows that Shippy corrected the arguably improper comment in his own closing argument:

> Let me just point out one thing. These instructions contemplate it and Mr. Wilson suggested that it's a question of whether you believe Mr. Ware or whether you believe Mr. Bennett. And these instructions don't contemplate believing somebody or not believing somebody and then that's the end of your discussion.
>
> These instructions specifically tell you that what you're supposed to do is to take into account all of the evidence that you've seen and heard, do you have a doubt that is reasonable about whether or not Mr. Walker is guilty or not guilty. It's not just you believe him, game's over; you believe him, game's over. That's not what these instructions contemplate. They contemplate your responsibility is to absorb all of it and make your decision based on all of the evidence.
>
> I'll respectfully disagree that there was a lie that was made by Mr. Bennett to law enforcement. That's – once again, we're in argument here. That's someone's characterization of it. My suggestion to you is that Mr. Bennett explained to you what it is that he was saying.

Ex. C at 169-70.

As to "Comment Four," Shippy testified that the comment was inconsequential, arguably proper, and not worth drawing attention to by objecting. Ex. H at 250. The state court reasonably deferred to Shippy's strategic decision.

The *Strickland* Court itself said that: "[A] court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). The reason for this presumption is that "[t]here are countless ways to provide effective assistance in any given case" and "[e]ven the best criminal defense attorneys would not defend a particular client in the same way." *Strickland*, 466 U.S. at 689 (citation omitted). "An attorney's actions are sound trial strategy, and thus constitutionally effective, if a reasonable attorney could have taken the same actions." *Wrancher v. Fla. Dep't of Corr.*, No. 20-10350, 2021 WL 4059929, at *3 (11th Cir. Sept. 7, 2021) (citing *Harvey v. Warden, Union Corr. Inst.*, 629 F.3d 1228, 1243 (11th Cir. 2011)).

Courts recognize that reasonable defense attorneys have different strategies for dealing with arguably improper prosecutorial remarks in closing argument. *See Blackmon v. Sec'y, Dep't of Corr.*, 34 F.4th 1014, 1027–28 (11th Cir. 2022), *cert.*

*denied sub nom. Blackmon v. Dixon*, No. 22-5574, 2022 WL 16909226 (U.S. Nov. 14, 2022). A reasonable strategy when the comment is not egregious, is to not object and not call attention to the prosecutor's closing. *Id.*

That is precisely the case here. A fairminded jurist could agree with the state court's conclusion that Walker failed to show that Shippy's strategic decisions not to object were ones that no competent counsel would have made. *See Blackmon*, 34 F.4th at 1027 (state court reasonably rejected petitioner's ineffective-assistance claim arising from counsel's decision not to object to prosecutor's improper comment; counsel's strategy was one with which reasonable attorneys could differ).

The state court's rejection of Ground Five was not contrary to and did not involve an unreasonable application of the *Strickland* standard. Nor was the decision based on an unreasonable determination of the facts. Walker is not entitled to habeas relief on this claim.

**Ground Six**        **"Ineffective Assistance of Counsel Failure to File Motion for New Trial" Doc. 1 at 13.**

Walker alleges that Shippy was ineffective for failing to file a motion for new trial based on "inconsistencies and conflicts within the evidence." Doc. 1 at 13.  In support, Walker points to multiple prior statements made by the victim Mr. Ware concerning the details of the crime that, in Walker's view, are inconsistent and in conflict with other evidence. *Id.* at 13-14.

Page 33 of 47

The State asserts that Walker is not entitled to habeas relief because the state court adjudicated this claim on the merits, and Walker fails to satisfy § 2254(d)'s demanding standard. Doc. 9 at 35-39.

## A.    *The State Court's Decision*

Walker presented this claim to the state courts as "Ground Six" of his Rule 3.850 motion. Ex. H at 24-26. The state circuit court denied relief after an evidentiary hearing. The circuit court identified the two-pronged *Strickland* standard and denied relief as follows:

> **Ground Six**:  Mr. Walker claims his counsel was ineffective for failing to file a motion for a new trial based on inconsistent evidence and the issues raised in the previous grounds. Shippy testified that he did not feel as though any issues would warrant such a motion. Attorneys are ethically bound to not file frivolous motions and he was confident such a motion would be unsuccessful.

> **Analysis**: The Court finds Shippy did not perform deficiently. He acted professionally by not filing a motion he believed to be frivolous and part of an ineffective assistance of counsel claim under *Strickland* is evaluating counsel's performance under "prevailing professional norms." 466 U.S. at 688. Filing a motion for a new trial after every guilty verdict in every case is not required and would undermine the credibility of the lawyer. For these reasons, Ground Six is denied.

Ex. H at 120. The First DCA summarily affirmed. Ex. K.

### B.    *Walker Is Not Entitled to Habeas Relief*

The First DCA's summary affirmance is an "adjudication on the merits" of Walker's claim and is reviewed under § 2254(d)'s deferential standard. *See Richter*, 562 U.S. at 99, 100. Consistent with *Wilson*, this court presumes that the First DCA rejected Walker's claim for the reasons provided by the state circuit court.

The state court's decision was not "contrary to" clearly established Federal law, because the state court applied the two-part *Strickland* standard. *See Williams*, 529 U.S. at 405–06. Walker, therefore, must show that the state court's application of the *Strickland* standard was unreasonable.

As with walker's prior claim, this court defers to the state court's factual finding—that Shippy made a tactical decision not to file a motion for new trial—because that finding is amply supported by the record. Shippy testified at the evidentiary hearing that he considered the trial in its entirety, including his interactions with the judge, and decided that a motion for new trial had no chance of success. Ex. H at 241-42.

The state court reasonably applied *Strickland* by deferring to Shippy's judgment. There is no Supreme Court precedent establishing a "nothing to lose" standard for ineffective-assistance-of-counsel claims. *Knowles v. Mirzayance*, 556 U.S. 111, 121–22 (2009). Counsel "is not required to have a tactical reason—above

and beyond a reasonable appraisal of a claim's dismal prospects for success—for [declining to pursue] a weak claim." *Knowles*, 556 U.S. at 127.

Florida Rule of Criminal Procedure 3.600(a)(2) allows a trial court to grant a new trial if the "verdict is contrary to law or the weight of the evidence." Fla. R. Crim. P. 3.600(a)(2). "[T]he trial court acts as a safety valve by granting a new trial where 'the evidence is technically sufficient to prove the criminal charge but the weight of the evidence does not appear to support the jury verdict.'" *State v. Hart*, 632 So. 2d 134, 135 (Fla. 4th DCA 1994) (quoting *Robinson v. State*, 462 So. 2d 471, 477 (Fla. 1st DCA 1984)). The trial court "weigh[s] the evidence and determine[s] credibility just as a juror would." *Bell v. State*, 248 So. 3d 208, 209 (Fla. 1st DCA 2018); *see also State v. Smyly*, 646 So. 2d 238, 241 (Fla. 4th DCA 1994) (describing the judge's role as sitting "as the seventh juror with a veto over the unanimous vote of the other six.").

Walker failed to meet his high burden to show that no competent attorney would share Shippy's assessment. The State presented Ware's testimony that Walker, whom Ware had known for five years, pointed a chrome revolver at him, ruffled though his pockets, and stole his money. Ex. 28-37. Officer Bullock testified that when he talked to Ware at the scene, Ware was anxious, fearful and distressed.

Bullock saw marks in the cement and projectile shards that he attributed to a gun's firing. Ex. C at 77-82, 85.

In support of the defense, Mr. Bennett testified that he did not see Walker threaten Ware or discharge a firearm that night. Bennett indicated that he believed Ware hallucinated, and that this was not the first time Ware thought that "somebody's after him." Ex. C at 120-125. On cross-examination, however, Bennett acknowledged that his sister and Walker shared children together; that Bennett never went to the police; and that when the State Attorney's investigator visited him, Bennett denied knowing anything. Ex. C at 127-31.

Although Ware testified inconsistently on some details, the jury's verdict reflects that the jury found Ware's testimony credible that Walker robbed him at gunpoint (despite any inconsistencies), but the jury did not believe the testimony that Walker discharged the firearm. By finding Walker guilty as charged of Armed Robbery, the jury determined that even if Walker did not discharge the firearm, Ware's testimony was sufficient to find that Walker robbed him at gunpoint. Under federal and Florida law, juries are free to accept such portions of a witness's testimony as they deem credible and reject other portions which they deem inconsistent with proven circumstance and probabilities. *Wynne v. Adside*, 163 So. 2d 760, 763 (Fla. 1st DCA 1964). "[I]t is the jury's function to credit or discredit all

or part of the testimony." *Moore v. Chesapeake & O. Ry. Co.*, 340 U.S. 573, 576 (1951); *see also United States v. Sharif*, 893 F.2d 1212, 1214 (11th Cir. 1990) (stating that a jury is free to believe or disbelieve all or part of a witness's testimony).

A reasonable defense attorney could share Shippy's conclusion that it was unlikely the trial judge would veto the jury's vote. The state court's rejection of Ground Six was not contrary to, and did not involve an unreasonable application of, the *Strickland* standard. Nor was the decision based on an unreasonable determination of the facts. Walker is not entitled to habeas relief on this claim.

**Ground Seven      "Cumulative Error" Doc. 1 at 15.**

Walker alleges that he was denied due process and his constitutional right to counsel "[d]ue to trial counsel, Darren L. Shippy's deficient performance raised in the foregoing grounds.," Doc. 1 at 15. The State asserts that this claim provides no basis for habeas relief. Doc. 9 at 40-41.

### A.    *The State Court's Decision*

Walker presented this claim to the state courts as "Ground Seven" of his Rule 3.850 motion. Ex. H at 26. The state circuit court denied relief as follows:

> **Ground Seven**:  Mr. Walker raises a cumulative error claim. Because there is no error to accumulate, Ground Seven is denied, resolving the motion.

Ex. H at 120. The First DCA summarily affirmed. Ex. K.

**B.**    *Walker Is Not Entitled to Habeas Relief*

The Eleventh Circuit has questioned whether a claim of cumulative error ever can provide a basis for federal habeas relief. *See Morris v. Sec'y, Dep't of Corr.*, 677 F.3d 1117, 1132 & n.3 (11th Cir. 2012) ("We need not determine today whether, under the current state of Supreme Court precedent, cumulative error claims reviewed through the lens of AEDPA can ever succeed in showing that the state court's decision on the merits was contrary to or an unreasonable application of clearly established law."). Although the Supreme Court has not addressed the applicability of the cumulative-error doctrine in the context of ineffective-assistance claims, the Court has held that "there is generally no basis for finding a Sixth Amendment violation unless the accused can show how specific errors of counsel undermined the reliability of the finding of guilt." *United States v. Cronic*, 466 U.S. 648, 659 n.26 (1984) (citations omitted).

Walker has not shown that the alleged errors of trial counsel discussed above undermine the reliability of the jury's finding of guilt. In light of *Cronic* and the absence of Supreme Court precedent applying the cumulative-error doctrine to claims of ineffective assistance of counsel, the state court's rejection of Walker's claim was neither contrary to, nor an unreasonable application of, clearly established Federal law. Walker is not entitled to habeas relief on Ground Seven.

**Ground Eight**     **"Evidence Insufficient" Doc. 1 at 15.**

Walker claims that his conviction violates due process because it "was obtained as the result of evidence that is insufficient to persuade a properly instructed, reasonable jury of his guilt beyond a reasonable doubt." Doc. 1 at 15 (citing *Jackson v. Virginia*, 443 U.S. 307 (1979)). Walker also argues that the trial court improperly admitted Office Bullock's opinion testimony regarding the discolored mark on the floor of the carport, which Bullock believed to be the impact of a projectile. Doc. 1 at 15; Doc. 13.

The State asserts that Walker procedurally defaulted the federal sufficiency-of-the-evidence claim ("*Jackson* claim") because he did not challenge the sufficiency of the evidence at trial or on direct appeal, and is procedurally barred from returning to state court to do so now. Doc. 9 at 42-43. The State asserts that to the extent Walker claims that the trial court violated his right to due process by admitting Bullock's opinion testimony, he procedurally defaulted that claim because his direct appeal presented the alleged trial court error as a purely state-law issue. In other words, Walker did not apprise the First DCA that admission of the testimony not only violated state law, but also denied him the due process of law guaranteed by the Fourteenth Amendment. *Id*. at 42-43. The State alternatively argues that Walker's trial-court-error claim fails on the merits, because he has not shown that

Page 40 of 47

the testimony was erroneously admitted under Florida law, much less that the error deprived him of a fundamentally fair trial. *Id*. at 43-46.

### A.   *Walker Procedurally Defaulted His Jackson Claim*

Walker's reply does not address the State's procedural default defense. Doc. 13. The State is correct that Walker did not raise a sufficiency-of-the-evidence claim at trial or on direct appeal (or for that matter, in his Rule 3.850 proceeding). Exs. C, D, H. Walker is procedurally barred from returning to state court to challenge the sufficiency of the evidence. *See* Fla. R. Crim. P. 3.850(b) (setting a 2-year time limit for motions filed under that Rule); Fla. R. Crim. P. 3.850(c) ("This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence."); *Freeman v. Att'y Gen., Fla.*, 536 F.3d 1225, 1231 (11th Cir. 2008) ("Under Florida law, proceedings under Rule 3.850 may not be used as a second appeal."); *Johnson v. State*, 593 So. 2d 206, 208 (Fla. 1992) ("Issues which either were or could have been litigated at trial and upon direct appeal are not cognizable through collateral attack.").

Walker's procedural default bars habeas review of his *Jackson* claim.

**B.**   ***Walker's Challenge to the Admission of Bullock's Opinion Testimony Raises a Purely State-Law Issue***

To the extent Walker's claim could be construed liberally to raise the same claim he raised on direct appeal—a challenge to the trial court's admission of Bullock's opinion testimony—his claim provides no basis for federal habeas relief, because it raises a purely state-law question.[6]

Federal habeas relief is available to correct only constitutional injury. 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) ("The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (internal quotation marks and citations omitted)). "[F]ederal habeas corpus relief does not lie for errors of state law. . . . [I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67—68 (1991); *see also Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir. 2000) ("The writ of habeas corpus was not enacted to enforce State-created rights."); *Tejada v. Dugger*, 941 F.2d 1551, 1560 (11th Cir. 1991) ("Questions of state law rarely raise

---

[6] Walker's reference to due process and *Jackson v. Virginia*, 443 U.S. 307 (1979), relates only to his claim that there was insufficient evidence to support his conviction. *See* Doc. 1 at 15; Doc. 13 at 2, 5.

issues of federal constitutional significance, because a state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." (internal quotation marks and citation omitted)).

Walker's claim—that Bullock's opinion testimony did not satisfy the requirements for admissibility under Florida law—provides no basis for federal habeas relief.

C.    ***Walker Procedurally Defaulted Any Claim that the Admission of Bullock's Opinion Testimony Violated His Federal Constitutional Rights***

Even if this court were to construe Walker's habeas petition as raising a federal constitutional claim regarding the admission of Bullock's opinion testimony, federal habeas relief is not available because that claim is procedurally defaulted. As the State correctly asserts, Walker's direct appeal presented the issue as a purely state-law question and did not fairly apprise the state court that he was raising a federal due process claim. Doc. 9 at 42-43.

Federal habeas courts "do not require a verbatim restatement of the claims brought in state court," but the claims that the prisoner presented to the state court must allow "a reasonable reader [to] understand each claim's particular legal basis and specific factual foundation." *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005) (internal quotation marks and citation omitted). The Supreme Court has

stated that a petitioner can indicate the federal-law basis for his claim "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). But a habeas petitioner does not exhaust his remedies by merely (1) going through the state courts; (2) presenting to the state courts all the facts necessary to support the federal claim; or (3) presenting to the state courts "a somewhat similar state-law claim." *McNair*, 416 F.3d at 1302 (internal quotation marks and citation omitted).

Walker's direct-appeal brief did not raise a federal due process claim or cite to any federal cases when arguing that the trial court improperly admitted Officer Bullock's opinion testimony. Ex. D. Walker cited exclusively to state cases, and all of his substantive arguments addressed Florida law. The tenor of Walker's narrow arguments were that (1) Bullock was not qualified to testify as an expert regarding what the mark in the concrete was; (2) Bullock had not been listed as an expert in the State's discovery materials; (3) Bullock's testimony was erroneously admitted as lay opinion testimony; and (4) Bullock's testimony usurped the jury's function as the finder of fact. Ex. D.  Those arguments did not bring to the First DCA's attention

a federal claim about due process.[7] *See, e.g., Pride v. Fla. Dep't of Corr.*, No. 19-14284, 2021 WL 6123916, at *2-3 (11th Cir. Dec. 28, 2021).

Walker's federal due process challenge to the admission of Bullock's testimony is procedurally defaulted. Walker makes none of the required showings to excuse his procedural default. Walker's procedural default bars habeas review of any due-process challenge to the trial court's admission of Bullock's testimony.[8]

## IV. A CERTIFICATE OF APPEALABILITY IS NOT WARRANTED

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

---

[7] The State's answer brief in Walker's direct appeal similarly relied exclusively on state-law cases and made no reference to federal due process or a federal constitutional standard. *See* Ex. E.

[8] Even if habeas review were available, "federal courts must defer to a state court's interpretation of its own rules of evidence and procedure." *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El*, 537 U.S. at 336 (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. ___, 137 S. Ct. 759, 774 (2017) (quoting *Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, Petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation

by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

## V. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.     The petition for writ of habeas corpus, Doc. 1, challenging the judgment of conviction and sentence in *State of Florida v. Charlie Walker*, Leon County Circuit Court Case No. 2014-CF-3575, be **DENIED**.

2.     The District Court **DENY** a certificate of appealability.

3.     The clerk of court close this case file.

At Pensacola, Florida, this <u>2nd</u> day of December, 2022.

<u>/s/ *Michael J. Frank*</u>
**Michael J. Frank**
**United States Magistrate Judge**

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**

Page 47 of 47